UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| iMTX STRATEGIC, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RHAPSODY INTERNATIONAL, INC.,<br><br>　　　　Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff iMTX Strategic, LLC ("Plaintiff" or "iMTX"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendant Rhapsody International, Inc. ("Defendant" or "Rhapsody") as follows:

**NATURE OF THE ACTION**

1.　This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,269,854 entitled "Transaction System for Transporting Media Files from Content Provider Sources to Home Entertainment Devices" (hereinafter, the "'854 patent" or the "Patent-in-Suit"; a copy of which is attached hereto as Exhibit A).

**PARTIES**

2.　iMTX is a Limited Liability Company organized under the laws of the State of California and with its principal place of business located at 751 E. Blithedale Avenue, #2241, Mill Valley (Marin County), California 94942.

3.　Plaintiff is the owner of the Patent-in-Suit with respect to the Defendant, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making,

using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to license the Patent-in-Suit, and to sue the Defendant for infringement and recover past damages.

4. Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business located at 1420 Fifth Avenue, Suite 1500, Seattle, WA 98101. Defendant may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, New Castle, Delaware, 19808.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

7. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware. Upon information and belief, Defendant has committed patent infringement in the

State of Delaware and in the District of Delaware.  Defendant solicits customers in the State of Delaware and in the District of Delaware.  Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,269,854

9. Plaintiff re-alleges and incorporates by reference each of Paragraph 1-8 above.

10. The '854 patent was duly and legally issued by the United States Patent and Trademark Office on September 11, 2007 after full and fair examination.  Plaintiff is the owner under the '854 patent with respect to Defendant, and possesses all right, title and interest in the '854 patent including the right to enforce the '854 patent, and the right to sue Defendant for infringement and recover past damages.

11. Plaintiff is informed and believes that Defendant infringes the '854 patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '854 patent by making, using, and providing a method for executing user transaction requests for delivering digital media files via the Internet; said method comprising enabling users to generate transaction requests, communicating the transaction requests via the Internet to a transaction server, causing the transaction server to verify user identification information and to identify which of a plurality of media servers stores the requested media file, and causing the identified media server to uniquely encrypt the identified media file and to download the identified and encrypted media file to the requesting user directly via the Internet, and enabling only the requesting user to decrypt the

media file for playback at the requesting user's site, in this district and elsewhere in the United States through its website, www.rhapsody.com, and other Internet-related services. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '854 patent by making, using, and providing a system for executing user transaction requests for delivering media files via the Internet, consisting of user sites with player/receivers, provider sites and a transaction server through its subscription music service, in this district and elsewhere in the United States through its website and other Internet-related services.

12. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14. Defendant's infringement of Plaintiff's rights under the '854 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

15. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the Patents-in-Suit;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with U.S.C. § 285; and,

E. Any further relief that this Court deems just and proper.

Dated: January 13, 2015

       */s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
       stamoulis@swdelaw.com
Richard C. Weinblatt #5080
       weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware  19809
Telephone: (302) 999-1540

Steven W. Ritcheson, *Pro Hac Vice* anticipated
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Boulevard, #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (205) 326-3332
E-mail: swritcheson@hgdlawfirm.com

Dara T. Jeffries, *Pro Hac Vice* anticipated
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia  30339
Telephone:  (404) 996-0867
Facsimile: (205) 547-5515
Email: djeffries@hgdlawfirm.com

René A. Vazquez, *Pro Hac Vice* anticipated
**HENINGER GARRISON DAVIS, LLC**
18326 Buccaneer Terrace
Leesburg, Virginia  20176
Telephone: (571) 206-1375
Facsimile: (205) 327-9114
Email: rvazquez@hgdlawfirm.com

*Attorneys for Plaintiff iMTX, LLC*