**KILPATRICK TOWNSEND & STOCKTON LLP**
James G. Gilliland, Jr. (State Bar No. 107988)
Mehrnaz Boroumand Smith (State Bar No. 197271)
Eighth Floor, Two Embarcadero Center
San Francisco, CA 94111
Tel: (415) 576-0200
Fax: (415) 576-0300
Email: jgilliland@kilpatricktownsend.com
　　　　mboroumand@kilpatricktownsend.com

Christopher Schenck (*pro hac vice*)
Stephanie M. Martinez (*pro hac vice*)
Suite 4400, 1420 Fifth Avenue
Seattle, WA 98101
Tel: (206) 467-9600
Fax: (206) 623-6793
Email: cschenck@kilpatricktownsend.com
　　　　smartinez@kilpatricktownsend.com

Counsel for Defendant and Counter-Plaintiff
RHAPSODY INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| iMTX STRATEGIC, LLC, | Case No. 4:15-CV-00594-JSW |
| Plaintiff and Counter-Defendant, | **DEFENDANT RHAPSODY INTERNATIONAL, INC.'S NOTICE OF JOINDER** |
| v. | |
| RHAPSODY INTERNATIONAL, INC., | |
| Defendant and Counter-Plaintiff. | |



1  Defendant Rhapsody International, Inc. ("Rhapsody") hereby joins Defendants Vimeo, LLC, Spotify USA Inc., Hulu, LLC, and Netflix, Inc.'s (collectively, "Moving Defendants") Motion to Stay Pursuant to Section 18(b) of the America Invents Act (*e.g.,* Case No. 4:15-cv-00592-JSW, Dkt. No. 58). To avoid burdening the Court with duplicative materials, Rhapsody joins the Motion to Stay based on the reasons set forth below.

Moving Defendants filed petition for Covered Business Method review of each of claims 1-23 of U.S. Patent No. 7,269,854 (the '854 patent). The '854 patent is the sole patent asserted against Rhapsody in the present action. Rhapsody has not filed any petition for review of the '854 patent before the Patent Trial and Appeal Board of the U.S. Patent and Trademark Office ("PTAB"), nor is Rhapsody a party to any such proceeding. As a non-petitioning Defendant, Rhapsody believes a stay in this case is appropriate because a stay is likely to eliminate or simplify issues for trial in this proceeding should the PTAB find the claims of '854 patent invalid in whole or in part. At a minimum, the PTAB's final decision will impact the Plaintiff's asserted claims. Moreover, Plaintiff will suffer no undue prejudice as Plaintiff's case against Rhapsody is at a very early stage, and a stay will reduce the burden on the Court and the parties by allowing the PTAB to make its determination as to the validity of the '854 patent. For these reasons, Rhapsody joins and respectfully requests that the Court grant Defendants' Motions to Stay.

DATED: June 11, 2015        Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: *s/Mehrnaz Boroumand Smith*
    MEHRNAZ BOROUMAND SMITH

Counsel for Defendant and Counter-Plaintiff
RHAPSODY INTERNATIONAL, INC.

